I respectfully dissent.
Harold Head was employed as a laborer/floater when he suffered significant injuries to both knees. Approximately three years later he began a new job as a telemarketer. He then applied for wage loss compensation.
When Mr. Head applied for wage loss compensation, he appended a form from his treating physician which indicated that Mr. Head was restricted in his ability to perform his former job. The physician then wrote a date for beginning the restrictions which is less than two weeks after Mr. Head began the telemarketing job. The physician's office later provided an amended physician's report of work restrictions with a date for the beginning of work restrictions indicated as being the same date as the telemarketing job began. Both reports list Mr. Head as suffering from tenderness and crepitation of the left knee based upon an examination conducted approximately four weeks after the new job began.
The record also contains a report from a specialist for the Industrial Commission who examined Mr. Head six months before the telemarketing job began. The commission specialist reported a decrease in range of motion in both knees, along with "decrepitus * * * tenderness and * * * left knee effusion." The commission specialist then reported that Mr. Head had reached maximum improvement and that Mr. Head suffered from a six percent impairment of the whole person due to the allowed knee condition.
As best I can tell, the commission lost sight of the forest because of the trees when it comes to the issue of Mr. Head's entitlement to wage loss compensation. He was working as a laborer/floater when he was injured. In September of 1993, he reported that his activities of daily living were restricted and that he could no longer do the same amount of walking, standing, climbing stairs and other movements of the knee as before. Six months later, he took a sedentary job which paid him less. His treating physician's office did a sloppy job of filling out the handwritten form about his work restrictions and then did not create a more complete report to point out in more detail that no intervening injuries had occurred and that Mr. Head's limitations had been consistent at least since the commission specialist had found him to have reached maximum medical improvement.
I believe the commission abused its discretion in failing to award wage loss compensation to Mr. Head from the date he began his telemarketing job. I would grant him a writ of mandamus. Since the majority does not, I respectfully dissent.